United States District Court
Southern District of Texas
**ENTERED**
September 11, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CAVU MANGUM, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 6:18-CV-87 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Cavu Mangum (#02140836), is a Texas state prisoner currently incarcerated in the Powledge Unit of the Texas Department of Criminal Justice, Institutional Division in Palestine, Texas. Proceeding *pro se*, he filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 12, 2018, challenging his 2017 Jackson County theft conviction.[1] (D.E. 1). Respondent filed an Answer, construed as a Motion for Summary Judgment,[2] on January 16, 2019 to which Petitioner filed a response on March 28, 2019. (D.E. 11; D.E. 14; D.E. 16 and D.E. 17). On July 6, 2020, this case was reassigned to United States District Judge Drew Tipton and referred to the undersigned on July 23, 2020. (D.E. 19 and D.E. 20). For the reasons stated below, it is respectfully recommended that Respondent's Motion for Summary

---

[1] The petition was signed on September 12, 2018 and received by the Court on September 25, 2018. *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.")

[2] In future cases, counsel for Respondent is cautioned that dispositive motions must be filed separately from any answer and must be filed as a motion.

Judgment be **GRANTED** and Petitioner's claim for habeas corpus relief be **DISMISSED**. (D.E. 11).

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Jurisdiction is proper in this Court because Petitioner was convicted in Jackson County, Texas, which is within the Southern District of Texas. 28 U.S.C. § 124(b)(5); 28 U.S.C. § 2241(d); *Wadsworth*, 235 F.3d at 961.

## II. BACKGROUND

On June 23, 2017, after pleading guilty, Petitioner was convicted of theft in the 24th District Court of Jackson County, Texas, Case Number 15-1-9366, and sentenced to 10 years imprisonment.[3] (D.E. 12-2, Pages 32,34 and 36). Petitioner, having waived his right to appeal, did not file one. (D.E. 1, Page 3 and D.E. 12-2, Page 131). Petitioner filed an application for a state writ of habeas corpus on April 23, 2018 which was denied without written order on findings of trial court without hearing by the Texas Court of Criminal Appeal ("TCCA") on August 22, 2018. (D.E. 12-1 and D.E. 12-2, Pages 7-28). Petitioner filed the pending federal habeas action on September 12, 2018. (D.E. 1).

---

[3] Petitioner's sentence was enhanced as by four prior felony convictions for theft and failure to appear. (D.E. 12-2, Pages 32,34 and 36). Petitioner has filed a separate habeas action challenging those four prior felony convictions. (Case No. 6:19-cv-62).

### III.     APPLICABLE LEGAL STANDARDS

####     A.     Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000).

Generally, Rule 56 of the Federal Rules of Civil Procedure, which governs summary judgment procedure, applies with equal force to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted); *see also* Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus…"). However, Rule 56 applies only to the extent that it does not conflict with the federal rules governing habeas proceedings. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004). Accordingly, § 2254(e)(1), mandating that a state court's findings are presumed to be correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the non-movant. *Smith*, 311 F.3d at 668. Unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. § 2254(e)(1); *Id*.

**B.     Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. §2254**

Federal habeas corpus petitions are governed by the AEDPA.  Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3) & § 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993).  Under AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies the principle to the facts of the prisoner's case.  *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).  Although "unreasonable" is difficult to define, the Court noted it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous"

application of federal law.  *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001) (citing *Williams*, U.S. 362 at 412-13).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  A federal habeas court must determine what theories or arguments supported, or could have supported, that state court's decision.  If a decision by a state court is silent as to the reasons for the denial, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).[4]  Then, the federal habeas court must ask whether it is possible that fair minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Richter*, 562 U.S. at 101-02.  Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.  *Id*.  (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

This standard is very difficult to meet.  "As amended by AEDPA, § 2254(d) stops short of the imposing a complete bar on federal court litigation of claims already rejected in state proceedings…It preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no further." *Richter*, 562 U.S. at 102.  "[A] state prisoner

---

[4]The TCCA has explained a "denial" signifies the Court addressed and rejected the merits of a particular claim while a "dismissal" means the Court has declined to consider the claim for reasons unrelated to the claim's merits. *Bledsue*, 188 F.3d at 257 (citing *Ex parte Thomas,* 953 S.W.2d 286, 289 (Tex. Crim. App. 1997)).

must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Id*. at 103.

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Id*. In addition, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 784.

## IV. PETITIONER'S ALLEGATIONS OF ERROR

Petitioner raises several grounds for relief arguing:

1. There was prosecutorial misconduct because the prosecutor:

   a. withheld exculpatory evidence;
   b. coerced him to plead guilty; and
   c. had a conflict of interest.

2. He received ineffective assistance of counsel because his trial counsel:

   a. coerced him to plead guilty;
   b. had a conflict of interest;
   c. failed to investigate;
   d. failed to file motions to dismiss; and
   e. failed to file a motion for a speedy trial.

(D.E. 1, Pages 4 and 6-7 and D.E. 2, Pages 1-3). The undersigned recommends each of these arguments is without merit, as discussed below.

## V.     DISCUSSION

### A.     Unexhausted and Procedurally Barred Claims

The undersigned recommends three of Petitioner's claims are unexhausted and procedurally barred: his two conflict of interest claims and his allegation regarding a motion for a speedy trial. A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. §2254(b). To do so, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). In Texas, all claims must be presented, either in a petition for discretionary review or a state application for writ of habeas corpus, to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

The Fifth Circuit has explained "the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his current assertions." *Ruiz v. Quarterman*, 460 F.3d 638, 642-43 (5th Cir. 2006)(citing *Picard v. Connor*, 404 U.S. 270, 275-77 (1971)). A federal habeas corpus petitioner also fails to exhaust his state remedies when he relies on a different legal theory than presented in state court, or when he makes the same legal claim in federal court but supports the claim with factual allegations he did not present to the state courts. *Dispensa v. Lynaugh*, 847 F.2d 211, 217-18 (5th Cir. 1988); *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983).

Here, the record reflects Petitioner did not present these three claims to the Texas Court of Criminal Appeals. He did not file a direct appeal and did not raise these

allegations in his state habeas application. (D.E. 12-2, Pages 7-28). Therefore, the Court of Criminal Appeals has not had an opportunity to review these claims. *Richardson*, 762 F.2d at 430-31; *Ruiz*, 460 F.3d at 642-43. Further, Petitioner provides no sufficient reason why his failure to exhaust should be excused. As such, these three claims are unexhausted.

Additionally, not only must a federal habeas applicant fairly present any claim to the highest available state court prior to seeking federal review, the applicant must also have presented the claims to the state court in the procedurally correct manner. Respondent is correct that these three claims are also procedurally barred from federal habeas review under *Coleman v. Thompson* as Petitioner's claims would be barred by the well-established Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition. 501 U.S. 722, 729-30 (1991); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997)(Petitioner's failure to raise his claims in his initial state habeas petition without cause means the Texas abuse-of-writ doctrine would bar a successive state habeas petition, meaning federal habeas review is precluded); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995)(An adequate and independent state ground "bars federal habeas review…because the prisoner had failed to meet a state procedural requirement.")(citing *Coleman*, 501 U.S. at 729-30); *Ford v. Georgia*, 498 U.S. 411, 424 (1991)(To produce a federal cognizable default, the state procedural rule "must have been 'firmly established and regularly followed' by the time" it is to be applied)(citation omitted); *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997)(same).

These three grounds for relief have not been presented to Texas Court of Criminal Appeals in a procedurally correct manner. The Texas Court of Criminal Appeals applies its abuse of writ doctrine regularly and strictly. *Emery v. Johnson*, 139 F.3d 191, 194-96 (5th Cir. 1997). Therefore, the doctrine may be relied upon as an adequate and independent state ground for dismissal, forming the basis for the application of the procedural default doctrine. *Id*. Petitioner's failure to present these three grounds for relief properly in state court is a procedural default that bars federal habeas corpus review. *Fearance*, 56 F.3d at 642 (the Texas abuse of writ statute restricting successive habeas applications is regularly and strictly applied, constituting an independent and adequate procedural rule that bars federal review).

A procedural default may be excused if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To demonstrate "cause," a petitioner must prove some condition external to the defense impeded his efforts to comply with procedural rules, the factual or legal basis of the claim was not available, or governmental interference rendered procedural compliance impractical. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Further, in this case, a miscarriage of justice would mean Petitioner has shown he is actually innocent of the crime for which he was convicted. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999)(To establish actual innocence, Petitioner must support his allegations with new, reliable evidence that was not presented at trial and also must demonstrate it is more likely than not that no reasonable juror would have

convicted him light of the new evidence)(citations omitted); *Konemany v. Stephens*, No. H-13-2309, 2013 WL 6858506, at *3 (S.D. Tex. Dec. 30, 2013) ("By 'fundamental miscarriage of justice' is meant that he was actually innocent of the crime.")(citations omitted).

It is respectfully recommended that Petitioner has failed to exhaust his two claims of conflict of interest and his ineffective assistance of counsel claim regarding a motion for a speedy trial. It is further recommended Petitioner has failed to argue, much less establish, cause and prejudice, nor has he shown he is actually innocent of theft. *Coleman*, 501 U.S. at 729-32.; *Fearance*, 56 F.3d at 642. Therefore, it is additionally recommended these three claims are also procedurally defaulted.

## B.   Guilty Plea and Ineffective Assistance of Counsel Claims

Petitioner asserts both the prosecutor and his defense counsel coerced him into pleading guilty by threatening to give prison time to his co-defendant, his pregnant wife. (D.E. 1, Page 6 and D.E. 2, Page 2). Respondent argues this claim is controverted by the trial court record. (D.E. 11, Pages 10-14). For the reasons stated below, the undersigned recommends Petitioner's guilty plea was both knowing and voluntary. As such, for the reasons discussed below, he waived allegations of ineffective assistance of counsel that occurred prior to his plea.

A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)("On federal habeas review, a guilty plea which was voluntarily entered by a defendant who understood the nature of the charges and consequences of the

please will pass constitutional muster"); *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000)(same)(citation omitted). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review." *Devill v. Whitley*, 21 F.3d 654, 657 (5th Cir. 1994) (quoting *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980)). The Supreme Court has specifically held a guilty plea is a voluntary and intelligent choice among alternatives and not compelled when it is entered to avoid a longer sentence. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "The Constitution requires that a defendant be advised and understand the consequences of a guilty plea," meaning "only that the defendant must know the maximum prison term and fine for the offense charged." *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990). The requirement that a guilty plea be intelligently made "is not a requirement that all advice offered by the [Petitioner's] lawyer withstand retrospective examination in a post-conviction hearing." *McMann v. Richardson*, 397 U.S. 759, 770 (1970)(A guilty plea based on reasonably competent advice is an intelligent plea); *see also James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect.")(citations omitted).

Petitioner has failed to show he was inadequately informed of the nature of the charges against him prior to his guilty plea. The records indicate he was fully informed

about the consequences of his plea and was entering the plea voluntarily after he was informed of the offense he was charged with and the possible sentence length. On June 19, 2017, Petitioner signed a plea memorandum that he was "freely and voluntarily without any threats or coercion" entering in the plea agreement, that he was fully satisfied with his attorney's representation, he stipulated to the evidence against him, waived his right to a jury trial, averred he had read the admonishments and was fully aware of the consequences of his plea. (D.E. 12-2, Pages 124-127). He also signed a proposed punishment recommendation informing him that he was pleading guilty to a second-degree felony with possible punishment to be assessed at ten years in the Texas prison system and restitution in the total amount of $50,384.00. (D.E 12-2, Pages 119-120). Petitioner's counsel also averred that "part of the plea was that his wife (also charged with Theft) would receive deferred probation for her part as a co-defendant" and that these "facts and plea bargain were all thoroughly explained to [Petitioner] before the pleas." (D.E. 12-2, Page 56). The order entered the same day specifies Petitioner appeared in person in court, entered a guilty plea and was admonished as required by law. (D.E. 12-2, Pages 127-129). Petitioner further signed a document waiving his right to file an appeal. (D.E. 12-2, Page 131). Petitioner was then sentenced as recommended on June 23, 2017 to ten years confinement, $50,384.00 in restitution, $324.00 in court costs and no fines. (D.E. 12-2, Pages 133-134 and 137). Petitioner's wife and co-defendant received deferred adjudication after also knowingly and voluntarily pleading guilty. (D.E. 12-2, Pages 143-161).

"Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)(citations omitted); *Hobbs*, 752 F.2d at 1081-82 (Such official court records "are entitled to a presumption of regularity and are accorded great evidentiary weight.")(citations omitted); *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001).

Based on the record, the undersigned recommends the guilty plea should be upheld. Petitioner has not shown his guilty plea was not entered knowingly, voluntarily and intelligently. There is no evidence in the record to support Petitioner's contention that he was coerced into the plea agreement. Further, the state court found Petitioner's arguments on this issue to be without merit, which was adopted by the Texas Court of Criminal Appeals. (D.E. 12-1, and D.E. 12-2, Page 163). Petitioner makes no substantive argument that the state habeas court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or that the decision was based on an unreasonable determination of the facts in light of the evidence presented. Therefore, Petitioner fails to meet his burden under AEDPA that there was no reasonable basis for the state court to deny relief. *Richter*, 526 U.S. at 98 ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.")

Respondent further contends because of Petitioner's guilty plea, he waived allegations of ineffective assistance of counsel that occurred prior to his plea. (D.E. 11, Pages 16-17). The undersigned agrees. By entering a knowing and voluntary guilty plea, Petitioner waived all non-jurisdictional deprivations that occurred prior to the plea. *Tollet v. Henderson*, 411 U.S. 258, 267 (1973)("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). When a criminal defendant enters a guilty plea, he waives all non-jurisdictional defects, except those claims of ineffective assistance of counsel relating to the knowing and voluntary nature of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000)(citation omitted). Petitioner has not alleged facts showing ineffective assistance of counsel relating to a knowing and voluntary guilty plea, instead arguing his counsel failed to investigate and failed to file a motion to dismiss.

Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). A defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." *Tollett v. Henderson*, 411 U.S. at 267. To demonstrate prejudice in connection with a guilty plea, the petitioner must show that

there is a reasonable probability that but for counsel's errors, he would not have pled guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Glinsey*, 209 F.3d 386, 392 (citing *Hill*, 474 U.S. at 59). In the present case, it is respectfully recommended that Petitioner has not shown that his guilty plea was entered into unknowingly and involuntarily and therefore his plea should be upheld and his remaining claims of ineffective assistance of counsel should be dismissed.

### C. Prosecutorial Misconduct

Petitioner's remaining claim is for prosecutorial misconduct where he asserts the prosecutor withheld exculpatory evidence, specifically that the complainant had recently fired Petitioner, who was performing renovations on the complainant's home, due to a disagreement. (D.E. 1, Page 6 and D.E. 2, Pages 1-2 and 4). For the reasons stated below, the undersigned recommends this claim is without merit.

The prosecution has a duty to disclose all evidence favorable to the defendant in a criminal case. *See Brady v. Maryland*, 373 U.S. 83 (1963). To prevail on a prosecutorial misconduct claim regarding suppressed evidence, a petitioner must establish the evidence at issue was (1) suppressed by the prosecution, (2) favorable to the defense, and (3) material to Petitioner's guilt or punishment. *Mahler v. Kaylo*, 537 F.3d 494, 500 (5th Cir. 2008)(citing *Lawrence v. Lensing*, 42 F.3d 255, 257 (5th Cir. 1994)). Evidence is "material" only when there exists "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.*(citation omitted). The materiality determination is a mixed question of law and fact. *Id.* (citing *Summers v. Dretke*, 431 F.3d 861, 878 (5th Cir. 2005)).

"Because a *Brady* violation is defined in terms of the potential effects of undisclosed information on a judge's or jury's assessment of guilt, it follows that the failure of a prosecutor to disclose exculpatory information to an individual waiving his right to trial is not a constitutional violation." *Matthew v. Johnson*, 201 F.3d 353, 362 (5th Cir. 2000)(The "conviction is supported by defendant's plea…[not] through a deliberate deception of court and jury…")(citations omitted). Therefore, as Petitioner pled guilty, his claim does warrant federal relief.

Further, even if this claim is examined on the merits, Petitioner has failed to present any evidence of prosecutorial misconduct, including that any exculpatory evidence was withheld. Petitioner clearly knew his own history with the complainant and could have informed his own defense counsel. *Brown v. Cain*, 104 F.3d 744, 750 (5th Cir. 1997)(A prosecutor does not have an obligation to produce evidence or information already known to a defendant or that he could have obtained from other sources by exercising reasonable diligence)(citations omitted). Further, the prosecutor averred all the evidence Petitioner alleges was suppressed was given to defense counsel, including an incident report prepared by the Jackson County Sheriff's Office documenting "the work not completed, the work performed that was not done in compliance with code, the work that in fact de-valued the property, and the facts supporting the theft." (D.E. 12-2, Pages 57). Defense counsel acknowledged receiving this information. (D.E. 12-2, Pages 121-122). Moreover, even if the State had withheld this evidence, Petitioner has failed to establish that it would be exculpatory. In short, Petitioner has failed to establish any

reasonable probability that this evidence was withheld and even if it was, that he would not have pled guilty.

Having independently reviewed the entire state court record, the undersigned finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, it is recommended that Petitioner's prosecutorial misconduct claim does not warrant federal habeas relief.

## VI.  RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends Petitioner's claim be **DISMISSED** and Respondent's Motion for Summary Judgment be **GRANTED**.  (D.E. 11).

ORDERED this 11th day of September 2020.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).